IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ANTHONY RUPE,

    Plaintiff,                    No. CIV S-04-2630 LKK DAD P

    vs.

J.S. WOODWARD, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On October 11, 2005, the magistrate judge filed findings and recommendations which were served on plaintiff and contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations, arguing that the magistrate judge failed to construe the allegations of the complaint in the light most favorable to plaintiff.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire

/////

1

file, the court has determined that the findings and recommendations are supported by the record and by proper analysis.

The disciplinary action taken against plaintiff changed his classification status and thereby had an impact on his institutional privileges but did not result in the loss of a cognizable liberty interest. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).

Second, the court rejects plaintiff's assertion that there was insufficient evidence to support the disciplinary action taken against him. As the magistrate judge noted, the hearing decision was based on the rule violation report, supplemental reports indicating that plaintiff was seen receiving suspected contraband and that contraband was found while plaintiff was being searched, and that a Department of Justice laboratory report confirmed that the seized contraband was marijuana. (Compl., Rupe Decl., Ex.s J, K & N.) Thus, there was "some evidence" to support the disciplinary action. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). It is not the court's function to conduct a new disciplinary hearing by reviewing all the evidence and by assessing the credibility and weigh of the evidence. Id.; Bruce v. Ylst, 351 F.3d 1283, 128 (9th Cir. 2003). Plaintiff's bald claim that prison officials falsified the Department of Justice laboratory report does not dictate a different result. The hearing officer had the opportunity to review the documents, assess the reliability of the laboratory report and consider plaintiff's arguments questioning the accuracy of the documents. The court finds that there was sufficient and reliable evidence to support the disciplinary decision.

Plaintiff again contends that he was charged with a rule violation and his case was referred to the district attorney for possible criminal prosecution in retaliation for him having sent a letter, dated June 1, 2004, to the warden complaining of having lost his A1A classification status before receiving a rule violation report. However, in response to plaintiff's letter, correctional counselor Martinez explained that a rule violation report would be issued if the item dropped by plaintiff and seized by officer Edmonson tested positive for a controlled substance.

(Comp., Rupe Decl., Ex. D at 2.)  The court agrees with the magistrate judge's analysis that plaintiff has failed to allege facts which, if true, would demonstrate that retaliation was the substantial and motivating factor for issuing the rule violation charge.

Lastly, the court construes plaintiff's argument that the Attorney General's Office should be recused because of a conflict of interest, as a request for reconsideration of the magistrate judge's October 11, 2005 order.  Pursuant to E.D. Local Rule 72-303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."  The court finds that the magistrate judge's order denying plaintiff's motion to prohibit the California Attorney General from representing the defendants was neither clearly erroneous nor contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 11, 2005, are adopted in full;

2. Upon reconsideration, the October 11, 2005 order of the magistrate judge concerning a possible conflict of interest for the Attorney General's Office, is affirmed; and

3. This action is dismissed for failure to state a claim.

DATED:  April 24, 2006.

/s/Lawrence K. Karlton
UNITED STATES DISTRICT JUDGE

/rupe2630.804